UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FELIX CARRILLO NOA,

                Petitioner,

v.                                    Case No. 3:26-cv-1094-MMH-PDB

U.S. DEPARTMENT OF
HOMELAND SECURITY, et al.,

                Respondents.

_____

## ORDER

### I. Status

Petitioner Felix Carrillo Noa, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1; Petition) on May 1, 2026. The Federal Respondents filed a Response to Habeas Petition (Doc. 6; Response). Respondent Warden filed a Motion to Dismiss (Doc. 8), arguing he is not a proper respondent in this case. Noa filed a Reply (Doc. 10). This case is ripe for review.

### II. Background

Noa, a citizen of Cuba, was paroled into the United States on April 5, 1995. Response at 1. On March 13, 2003, an immigration judge ordered Noa removed from the United States. Id. At some point, United States Immigration and Customs Enforcement (ICE) released Noa on an order of supervision

(OSUP). On December 18, 2025, following a November 28, 2025 traffic stop, Noa was transferred into ICE custody. Id.

In the Petition, Noa alleges that his re-detention without any changed circumstances is arbitrary and unlawful (Ground One); removal to Cuba or a third country is not reasonably foreseeable (Grounds Two and Four); and re-detention based on "a change in the political landscape" and without being provided an informal interview violates due process (Ground Three). Petition at 6–7. He requests immediate release. Id. at 7.

### III. Grounds One and Three[1]

Before addressing the merits of Grounds One and Three, the Court addresses the Federal Respondents' contention that 8 U.S.C. § 1252(g) bars this Court from reviewing "the discretionary decision by ICE to revoke" Noa's OSUP. Response at 5-6. The Eleventh Circuit has held that even where the statutory framework grants agency discretion, courts have jurisdiction to review whether an agency adhered to its regulations and procedures. See Kurapati v. U.S. Bureau of Citizenship & Immigr. Servs., 775 F.3d 1255, 1262 (11th Cir. 2014) (per curiam). Thus, the Court finds that § 1252(g) does not bar Noa's claims.

---

[1] Noa raises similar issues in Grounds One and Three; thus, the Court considers the merits of these Grounds together and "liberally construe[s Noa's] pro se filings." United States v. Ogiekpolor, 122 F.4th 1296, 1304 (11th Cir. 2024).

As to the merits, according to the Federal Respondents, ICE served Noa with a notice of revocation of release on December 18, 2025. Doc. 6-2. The notice advises that "ICE has determined that there is a significant likelihood of removal in the reasonably foreseeable future" and that "pursuant to 8 CFR [§] 241.4, [Noa is] to remain in ICE custody." Id. at 1. The notice further advises that Noa "will promptly be afforded an informal interview at which [he] will be given the opportunity to respond to the reasons for the revocation and to provide evidence to demonstrate that [his] removal is unlikely." Id. Besides attaching the notice to the Response and generally discussing the government's "extraordinarily broad discretion to revoke an OSUP," the Federal Respondents do not specifically address the circumstances surrounding the revocation of Noa's OSUP. See Response at 5-6.

On the other hand, Noa asserts that he never received the notice and regardless, the notice is facially defective. See Reply at 2. He acknowledges that he received an interview on March 21, 2026, but argues that it was not "prompt" because it occurred more than three months after his re-detention. See id.

Upon review of the record, the Court finds that contrary to its regulations and procedure, ICE failed to provide Noa with a prompt informal interview to contest the revocation of his OSUP. Pursuant to § 241.4(l)(1), ICE may take into custody a noncitizen who violates the conditions of his OSUP: "Upon

3

revocation [of an OSUP], the alien will be notified of the reasons for revocation of his or her release . . . [and] [t]he alien will be afforded an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." And § 241.4(*l*)(2) permits revocation "in the exercise of discretion when, in the opinion of the revoking official":

(i)     The purposes of release have been served;

(ii)    The alien violates any condition of release;

(iii)   It is appropriate to enforce a removal order or to commence removal proceedings against an alien; or

(iv)    The conduct of the alien, or any other circumstance indicates that release would no longer be appropriate.

In this case, the notice generally cites section "241.4" and advises that "ICE has determined that there is a significant likelihood of removal in the reasonably foreseeable future." Doc. 6-2 at 1. While ICE advised Noa that it would provide him with "an informal interview at which [he would] be given the opportunity to respond to the reasons for the revocation and provide evidence to demonstrate that [his] removal is unlikely," ICE failed to provide him with that opportunity until approximately three months after his re-detention. Such a delay does not comply with the regulations. See Grigorian v. Bondi, No. 25-CV-22914-RAR, --- F. Supp. 3d ----, 2025 WL 2604573, at *9–10

4

(S.D. Fla. Sept. 9, 2025)[2] (finding that ICE's failure to provide an informal interview for over seventy-five days violated § 241.4(*l*)'s requirement to provide a prompt informal interview); see also Pham v. Warden, No. 1:25-CV-1873 DC AC, 2026 WL 673404, at *13 (E.D. Cal. Mar. 10, 2026), rep. & rec. adopted sub nom., 2026 WL 849861 (E.D. Cal. Mar. 27, 2026) ("An interview weeks or months after revocation of release is not a prompt initial informal interview." (quotation marks and citations omitted)); Bui v. Warden of the Otay Mesa Det. Facility, No. 25-CV-2111 JES DEB, 2025 WL 2988356, at *4 (S.D. Cal. Oct. 23, 2025) (holding that an interview conducted four months after a petitioner's re-detention did not satisfy the "prompt" informal interview requirement under the regulations); M.S.L. v. Bostock, No. 6:25-CV-01204-AA, 2025 WL 2430267, at *11 (D. Or. Aug. 21, 2025) (concluding that an informal interview provided twenty-seven days after re-detention failed to comply with the regulations). As such, the Court finds Noa's re-detention violates the regulations designed to afford him due process, and he is entitled to release. See Grigorian, 2025 WL 2604573 at *10 (collecting cases).

Accordingly, it is **ORDERED**:

---

[2] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

5

1.      Noa's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to the OSUP claim in Grounds One and Three. Respondents shall release Noa **within 24 hours of this Order**, and they shall facilitate his transportation from the detention facility by providing Noa access to a telephone at least five (5) hours before releasing him. Noa shall be subject to his preexisting OSUP. The Petition (Doc. 1) is otherwise **DENIED without prejudice** as moot.[3]

2.      In light of Noa's recent transfer to a detention facility in California, Respondent Warden's Motion to Dismiss (Doc. 8) is **DENIED as moot**.

3.      The **Clerk** is directed to terminate any motions; enter judgment granting the Petition as to the OSUP claim in Grounds One and Three and otherwise denying as moot the remaining Grounds; and close the file.

    **DONE AND ORDERED** at Jacksonville, Florida, this 1st day of July, 2026, at 1:05 pm.

MARCIA MORALES HOWARD
United States District Judge

JAX-3 6/30
c:
Felix Carrillo Noa
Counsel of Record

---

[3] Because the Court grants the Petition on the OSUP claim in Grounds One and Three, the Court need not address the remaining Grounds. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").